EDWARDS, J.
The location of the western or shoreward boundary of the public beach in Volu-sia County is the subject of this appeal. HJH, L.L.C., a Florida Limited Liability Company (“HJH”) owns several oceanfront lots in New Smyrna Beach, Volusia County. HJH sued Volusia County, which in turn counterclaimed against HJH regarding the disputed western boundary line of the beach and the eastern property line of the lots. HJH appeals only one portion of the trial court’s final judgment in favor of Volusia County: that the western boundary of the public beach is located at the original eastern property .lines of the oceanfront lots as depicted and described in a 1917 plat and agreement. The trial court erred in reaching that conclusion. We hold that, as to the property in question, the western or shoreward boundary of the area dedicated as public beach is the eastern foot of the sand dunes. We reverse only as to that point and affirm the remainder of the final judgment.
Undisputed Boundary Matters
Certain boundary issues were originally litigated between the parties; however, they are no longer in dispute. First, the parties now agree with the trial court’s ruling that, pursuant to the Marketable Record Titles to Real Property Act,[1] HJH has fee simple title to the lots in question, which extend 800 feet east towards the Atlantic Ocean, because it can trace its title to a transaction recorded in 1967. Second, HJH concedes, as the trial court ruled, that the County’s evidence conclusively proved that the public has the right to use the portion of the beach in this area from the eastern toe of the dunes to the Atlantic Ocean by virtue of the public’s ancient custom and usage of the beach, and that HJH cannot interfere with that customary usage.[2] Third, the 1889 Austin *102 plat contains an express dedication to the public, for use as a street and beach, of the area labeled “Beach Street,” which lies between the eastern foot of the dunes and the Atlantic Ocean.[3] Fourth, the parties agree that the 1917 plat contains a common law dedication to the public of the area labeled “Ocean Beach” which overlays the same area, east to west, occupied by “Beach Street.”
Area in Dispute
HJH argues that the trial court erred in accepting the County’s argument that the public’s right to use the beach extends west of the eastern toe of the dunes to a fixed line. The County argued below that relevant plats and documents contained both express and common law dedications to the public for use as a street and beach of the land lying east of certain 150 foot-deep lots described therein and that such public rights would impact HJH’s use and development of the eastern half of the lots in question. The trial court agreed with the County. HJH does not dispute that dedications to the public were made by prior owners of the land; however, it asserts that the western boundary of the land dedicated to public use is the eastern foot of the dunes rather than the fixed 150 foot line. Thus, the area in dispute is from the eastern half of HJH’s lots out to the eastern foot of the dunes.
Standard of Review
Because the boundary and lot lines at issue in this case are determined by review of a series of plats and other written documents, the court of appeal has the same vantage point as the trial court; thus, the standard of review is de novo. Peacock Constr. Co., Inc. v. Modem Air Conditioning, Inc., 353 So.2d 840, 842 (Fla.1977).
The Land Plats and Agreement
Four plats and one written agreement were introduced into evidence during the three-day bench trial. Each will be discussed in turn. HJH’s oceanfront property is described as lots 3 and 4, Block 25 of New Smyrna Beach Subdivision.
The first recorded plat that must be analyzed is referred to as the 1889 Austin plat.[4] The 1889 plat lays out and refers only to lots north of those owned by HJH. However, because the plats and agreements in evidence overlay or refer to each other, the 1889 plat is relevant. The 1889 plat contains an express dedication of land to the public:
Beach Street
300 to 400 feet wide. All of the Beach from the East foot of the sand dunes to low water mark is hereby dedicated to the public for a highway.
The second recorded plat we must consider is the 1917 plat, which includes HJH’s land, but does not contain an express dedication of land to the public. There is no area on this plat labeled “Beach Street.” However, the 1917 plat does label an area of land' “Ocean Beach,” which is located west of the area labeled “Atlantic Ocean.”[5] Volusia County also introduced into evidence • a recorded abstract of a 1917 agreement concerning the property in the 1917 plat that stated, inter *103 alia, unless otherwise specified, the land would be platted and laid out in city lots in accordance with the prior plats which were referenced. According to expert testimony presented by the County at trial, because the previously platted ocean front lots were 50 feet wide by 150 feet deep, the 1917 plat and agreement created oceanfront lots that extended 150 feet to the east.
The third and fourth recorded plats, which include HJH’s lots, are a 1925 plat and a 1945 plat. The depth of the lots increased by moving the property line successively eastward in each of these plats, which was of some relevance to the once-disputed, but now-resolved, issue of the lot size. Neither of these plats contain an express public dedication concerning the beach, nor is any area labeled “Beach Street” or “Ocean Beach.” Indeed, the only description or label of the area east of the platted lots is “Atlantic Ocean.”
Bases for Trial Court’s Ruling on Boundary Line
The trial court found that there had been an express dedication to the public in the 1889 Austin plat of the area labeled “Beach Street.” The trial court determined that the 1917 plat made a common law public dedication of the area labeled “Ocean Beach.” The trial court then ruled that the area labeled “Ocean Beach” overlays or occupies the same area, east to west, as occupied by “Beach Street.” Those findings are not in dispute-in this appeal.
The County put on expert witnesses who testified that when one looked at thé 1889 or Austin plat and the 1917 plat together with the 1917 agreement, it was clear that the ocean front lots, at that time; were laid out as only 150 feet deep. Thus, continued the County’s argument, “Beach Street” and “Ocean Beach” extended from the high tide line on the east over to the 150 foot lot lines on the west. Although the County’s position is incorrect, as will be discussed below, there was a good-faith basis for its argument.
An earlier decision from this court, Reynolds v. County of Volusia, 659 So.2d 1186 (Fla. 5th DCA 1995), involved a similar dispute between oceanfront land owners and the County. In Reynolds, the County sought “clarification of its powers to regulate and control the public use of the sandy beach area, seaward of the permanent vegetation line, extending to the mean high tide water mark....” Id. at 1187 (emphasis added). “The area in dispute in this lawsuit is the sandy beach seaward of the respective lot owners’ properties, west of the mean high water tide line of the Atlantic Ocean, and east of the permanent vegetation line which runs along the dunes.” Id. (emphasis added). To further clarify the location of the disputed area, the Reynolds court included a rough sketch of the topography that contains an area labeled “Sandy Beach (Area in dispute).” Id. at 1191.[6]
Reynolds likewise considered the 1889 Austin plat and concluded that the area labeled “Beach Street” described the area in dispute and that it had been expressly dedicated to the public for use as both a street and public beach. Id. at 1190. After having repeatedly described the “area in dispute” in careful detail, twice in words and once graphically, the court in Reynolds made an abbreviated reference to the same “area in dispute” when it said that examination of the 1889 Austin plat “manifests the clear intent of the dedicator that the land between the lots and the ocean, be used for the many purposes customarily *104 incident to use of a beach at that time_” Id. (emphasis added).
In the instant case, both the County and the trial court mistakenly seized upon that abbreviated description of the land in question. As a result of using the abbreviated description from Reynolds, the trial court erred in setting the western boundary of the dedicated public beach by finding that HJH’s land was subject to a dedication to the public of all lands east of the 150 foot oceanfront lots as shown on the 1917 Plat.
Conclusion
We find that the detailed description of the “area in dispute” in Reynolds is completely consistent with the express dedication of Beach Street in the 1889 Austin plat that was carried forward in the 1917 plat as Ocean Beach. Thus, we hold that the western boundary of the public beach in the area of HJH’s lots is the eastern foot of the dunes. The judgment below is reversed only as to that issue and is otherwise affirmed. The case is remanded to the trial court for entry of judgment in accordance with this decision.
AFFIRMED in part; REVERSED in part, and REMANDED.
SAWAYA and BERGER, JJ., concur.
*105 [[Image here]]
*106 [[Image here]]
*107 [[Image here]]
*108 [[Image here]]
*109 [[Image here]]

. § 712.01, Fla. Stat. (2013).

. See Trepanier v. County of Volusia, 965 So.2d 276, 286 (Fla. 5th DCA 2007) for a detailed discussion of ancient custom and usage as a means by which the public may acquire rights in private land.

.The public's rights in the dedicated area labeled "Beach Street" include "not only for use as a highway or street, but also for use as a public beach for recreation, walking, driving, parking, cooking, fishing or any other public purpose, subject to reasonable regulation by the appropriate public body.” Reynolds v. Cnty. of Volusia, 659 So.2d 1186, 1190 (Fla. 5th DCA 1995).

. A copy of one page of the 1889 Austin plat is attached as Figure 1.

. A copy of the 1917 plat is attached as Figure 2.

. A copy of that sketch is attached as Figure 3.